EDWARD J. REDDISH & another[1] *vs.* KATHERINE BOWEN,
trustee[2]; ANDREWS GUNITE COMPANY, INC., third-party
defendant.

No. 04-P-1494.

Norfolk. September 19, 2005. - June 28, 2006.

Present: ARMSTRONG, C.J., RAPOZA, & COHEN, JJ.

*Consumer Protection Act,* Unfair or deceptive act, Attorney's fees. *Practice, Civil,* Consumer protection case, Complaint, Amendment, Attorney's fees.

In the circumstances of a civil action, the judge properly treated a home improvement contractor's disregard of a setback requirement in a local zoning bylaw as a violation of a "building law" as that phrase is used in G. L. c. 142A, § 17, which states that such a violation constitutes an unfair or deceptive act under G. L. c. 93A. [626-629]

The judge in a civil action did not abuse her discretion when she permitted the third-party complaint plaintiff to amend its complaint at trial, where the language added was not different in substance from that already contained in the count at issue or in the body of the complaint itself, and did not amount to an unfair surprise to the third-party defendant, and where the amendment of the complaint several days into the trial was not unduly tardy, given that the issue was not joined until shortly before trial. [629-631]

The judge in a civil action did not abuse her discretion in awarding attorney's fees that represented only a fraction of the total amount incurred in litigating a third-party complaint. [631-632]

CIVIL ACTION commenced in the Superior Court Department on July 16, 1996.

The case was heard by *Elizabeth Butler,* J., and a motion for attorney's fees and costs was also heard by her.

*Paul F. Denver* for Andrews Gunite Company, Inc.

*John Foskett* for Katherine Bowen.

RAPOZA, J. Following a jury-waived trial, third-party defendant

_____

[1] Elsa Reddish.

[2] Of the Warren 215 Realty Trust.

Andrews Gunite Company, Inc. (Andrews), appeals from a judgment finding it in violation of G. L. c. 93A as a consequence of its failure to comply with G. L. c. 142A, which regulates home improvement contractors. The primary issue before us is whether the trial judge erred as matter of law when she treated a home improvement contractor's disregard of a six-foot side lot setback requirement contained in a local zoning by-law as a violation of a "building law" as that phrase is used in G. L. c. 142A, § 17(10), inserted by St. 1991, c. 453. Andrews also disputes the judge's decision allowing the third-party plaintiff to amend its c. 93A claim during trial, as well as her order awarding attorney's fees on that claim. We affirm.

*Background.* Brookline residents Edward and Elsa Reddish initiated suit against their next door neighbor, Katherine Bowen, as trustee of the Warren 215 Realty Trust (trust), alleging that the trust built a swimming pool that encroached on their property, which also amounted to a violation of both the State building code and Brookline's zoning by-laws. The two neighbors settled the litigation in May, 1998, approximately one year after a Superior Court judge found that a portion of the concrete apron encompassing the trust's pool impinged upon the Reddish property and ordered that the encroaching portion be removed. Under the provisions of the settlement, the pool itself was allowed to remain as built.[3]

In the meantime, the trust's third-party action against Andrews, the contractor that had designed and installed the pool, proceeded to trial on theories of negligence, breach of contract, and violation of G. L. c. 93A, the consumer protection statute.[4] Having been found liable solely on the c. 93A claim (count VII), Andrews brings this appeal.

*Facts.* We take the facts pertinent to the third-party complaint from the judge's findings, supplemented by undisputed facts as they appear from selected exhibits and documents reproduced in the record appendix.

[3]The settlement between the Reddishes and the trust provided for a land swap, a payment of $20,000, and an agreement that the pool would not have to be moved.

[4]A count for indemnification against Andrews was waived by the trust and subsequently dismissed.

In 1990, the trust bought the property located at 215 Warren Street, Brookline, for the benefit of Bowen's son, Joseph McIntyre, using funds he had earned as a young entertainer. At all relevant times, McIntyre resided there and, according to the terms of the trust, was the only person authorized to make maintenance and improvement decisions concerning the property.

In 1995, McIntyre decided to build an in-ground swimming pool and, in late April, hired Andrews to design and build it.[5] According to the resulting construction agreement, Andrews was to provide plans showing the layout of the pool and to obtain the necessary construction permits.[6] As to the plans, McIntyre was told that they were needed to ensure compliance with Brookline's setback requirements. He was also informed that Andrews knew what permits had to be obtained and would "do whatever had to be done to make sure that the installation of the pool complied with all of [Brookline's] requirements." In relevant part, the agreement also contained a disclaimer requiring McIntyre to verify the siting of the pool and relieving Andrews from liability with respect to the pool's location, whether on the trust's property or that of a third party.

The Reddishes, as abutters, had previously built a fence extending along the western edge of the trust property. The fence was set back on the Reddishes' lot and was not located on the boundary line. McIntyre was aware of this fact, yet dealt with Andrews as if the fence itself marked the line dividing the two properties. As we discuss more fully below, it was Andrews's misplaced reliance upon McIntyre's assertions concerning the fence that led to the predicament in which Andrews now finds itself.

When it came time to excavate in preparation for construction, Andrews's subcontractor, Mark Paquin, agreed to McIntyre's request to reposition the pool even closer to the fence

---

[5]At all relevant times, Rodney P. Andrews, a principal of Andrews, held a home improvement contractor's license pursuant to G. L. c. 142A, § 9.

[6]The permit issued to Andrews stated, in pertinent part, that "[a]ll work performed . . . shall, in every respect, conform to the terms of the application on file in this office and to the provisions of the State Building Code, Town of Brookline Zoning By-Laws, and [any] other Statute, By-Law, or Regulation relating to the Construction."

than had been previously depicted in any of the plans Andrews had prepared or submitted with its permit application.[7] Before performing any work, Paquin asked McIntyre where the property line was. Upon being told it was the fence, Paquin measured from the fence, then had McIntyre review the staked layout and sign a document (excavation approval form) indicating his approval of the proposed new location for the pool. As eventually installed, the pool infringed upon the setback area between the two properties. Moreover, the pool apron, as noted above, was located on the Reddish property.[8]

*The G. L. c. 93A claim.* On January 10, 2000, counsel for the trust sent a letter to Andrews in which he set forth facts upon which the trust intended to rely in establishing a claim against the contractor for an "unfair and deceptive" business act or practice under G. L. c. 93A, §§ 2 and 9. In making a formal demand for damages from Andrews in the amount of $210,000, the trust alleged, in relevant part, that Andrews violated the State building code by presenting plans for the location of the pool without properly establishing the distances from the lot lines and that such conduct amounted to an unfair and deceptive act. The trust also asserted that as a result of this unfair and deceptive act, the trust incurred damages in the litigation with the Reddishes, including the cost of the settlement and related attorney's fees.

Andrews apparently did not respond to the demand letter.[9] Thereafter, the trust filed a motion to amend the third-party complaint to add count VII, alleging that Andrews violated G. L. c. 93A, and the judge allowed that motion, over Andrews's

---

[7]To the extent that Andrews's blueprint and pool location plan in depicting the Reddish fence as the side boundary line were defective, it nevertheless appears from the record that the pool itself may not have encroached into the setback area had Paquin adhered to either plan. Indeed, the trial judge faulted Andrews, in part, for installing the pool "not in accordance with the blueprint or pool location plan."

[8]Specifically, the in-ground pool intruded 3.3 feet into the setback area, leaving a distance of only 2.7 feet between the pool itself and the property line.

[9]There is nothing in the record indicating a response, nor does a copy of any such letter appear in the record appendix. In its brief, the trust states that no written response to its demand letter was ever received, a fact not controverted by Andrews in this appeal.

objection. Count VII substantially tracked the allegations contained in the January 10 demand letter.

Trial began approximately one year later. Shortly before trial, the trust filed a motion in limine requesting a judicial determination concerning the legal effect of provisions in the construction agreement and the excavation approval form purporting to hold Andrews harmless for the location of the pool. Specifically, the trust asked that the judge declare such terms invalid and that the judge preclude consideration of those terms at trial. As grounds, the trust cited G. L. c. 142A, § 17, as imposing a statutory duty upon Andrews to comply with the setback requirement of the local zoning by-laws that could not be waived or limited by the agreement of private parties. Andrews opposed the motion on several grounds, including that c. 142A did not apply in the circumstances and that, even if it did, the trust had failed to invoke the statute in count VII of its complaint. The judge took the matter under advisement, and the case proceeded to trial.

On the fourth day of trial and, as the trust stated, "out of an abundance of caution," the trust moved to amend count VII of the third-party complaint to reference "a violation of G. L. c.142A, the failure to comply with the Brookline zoning bylaws, as constituting an unfair and deceptive practice." Although Andrews objected and filed a written opposition, the amendment was allowed.

At the conclusion of trial, the judge took the case under advisement, and she issued findings of fact and rulings of law almost two and one-half years later. At that time, the judge ruled that Andrews breached its agreement with McIntyre and its duty of care to him "[b]y constructing the pool based upon uncertain and altered pool location plans, resulting in violations of state and local building laws." Nonetheless, she concluded that the express disclaimers signed by McIntyre barred recovery by the trust on all but the G. L. c. 93A claim.[10]

As to that count, the judge determined that Andrews had

---

[10]In ruling on the disclaimer, the judge wrote that "courts are loathe to uphold a waiver of a consumer's statutory right if it would undercut the public policy behind the legislative enactment," citing *Canal Elec. Co.* v. *Westinghouse Elec. Corp.*, 406 Mass. 369, 378 (1990). Andrews does not argue otherwise on appeal. Accordingly, we do not consider whether the contractual provisions requiring the owner to verify the site of the pool and relieving An-

violated § 5.72 of Brookline's zoning by-laws, which required a six-foot setback for the installation of an in-ground pool. She also concluded that the violation amounted to a breach of G. L. c. 93A by operation of G. L. c. 142A, § 17, which describes a violation of a "building law" as an unfair or deceptive act under the consumer protection statute. The trust was awarded $31,000 in damages as well as attorney's fees and costs in the amount of $24,973.64, a figure representing the expenses incurred by the trust in the prosecution of its c. 93A claim against Andrews.[11] This appeal by Andrews followed.

*Discussion.* 1. *Applicability of G. L. c. 142A.* General Laws c. 142A, inserted by St. 1991, c. 453,[12] requires the registration of home improvement contractors and regulates their residential contracting work. Moreover, the statutory scheme encourages homeowners to engage only registered contractors for such purposes. See, e.g., G. L. c. 142A, § 13(*b*), inserted by St. 1991, c. 453 ("All building permits shall clearly state that persons contracting with unregistered contractors do not have access to the guaranty fund under this chapter").

Of primary concern here is the scope of G. L. c. 142A, § 17(10), which prohibits a home improvement contractor from "violat[ing] the building laws of the commonwealth or of any political subdivision thereof," conduct that also "shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A." G. L. c. 142A, § 17. Generally speaking, by explicitly delineating certain conduct on the part of contractors that shall also amount to a consumer protection violation, G. L. c. 142A, § 17, reflects an intent by the Legislature "to facilitate a home-

drews from liability with respect to its location operate as a defense to the trust's c. 93A claim against Andrews. Nor do we address whether, even in a consumer context, there may be instances where an informed, consensual, and clear allocation of risk and responsibility could preclude recovery by the consumer under c. 93A for an unintentional statutory violation by the contractor, incurred at the consumer's request and in reliance upon the consumer's representations.

[11]The judge declined to multiply the damage award, concluding that Andrews's conduct was not wilful and was "not entirely without justification," given Andrews's reliance on McIntyre's belief that the fence was the boundary line.

[12]The 1997 and 1998 amendments to G. L. c. 142A have no bearing on this case.

owner's c. 93A remedies."[13] *Simas* v. *House of Cabinets, Inc.*, 53 Mass. App. Ct. 131, 137 (2001).

Section 2 of G. L. c. 142A also suggests a legislative intent to burden the registered contractor, not the homeowner, with the task of obtaining building permits and making sure that the anticipated construction complies with all obligations associated with such permits.[14] See G. L. c. 142A, § 2, inserted by St. 1991, c. 453 ("Any contract entered into between a contractor and homeowner shall require the contractor to inform the home-owner of the following: (i) any and all necessary permits, (ii) that it shall be the obligation of the contractor to obtain said permits, and (iii) that homeowners who secure their own permits will be excluded from the guaranty fund provisions of this chapter").

It is undisputed on appeal that Andrews violated the setback requirement of Brookline's zoning by-laws by building the pool inside the prohibited area along the property's side lot line. Rather, Andrews challenges the trial judge's treatment of this zoning provision as a "building law," and her resulting conclusion that the improper construction of the pool implicated the provisions of G. L. c. 142A, § 17, pursuant to which a violation of State or local "building laws" constitutes an unfair or deceptive act under the provisions of G. L. c. 93A. Renewing an argument it made below, Andrews claims that, as matter of law, a violation of a local zoning by-law by a home improvement contractor is not a violation of a "building law" within the meaning of G. L. c. 142A, § 17(10), and thus is not an unfair or deceptive act as stated in § 17.

We disagree with Andrews's contention as applied to the

[13]Section 17 also subjects home improvement contractors to potential administrative sanctions and criminal prosecution for violating any of its provisions. See G. L. c. 142A, §§ 18, 19.

[14]Although Andrews's subcontractor, Mark Paquin, determined the setback based upon McIntyre's indication that the fence marked the lot line, it would have been preferable had the distance been measured from a lot line properly established by survey. In this regard, we note that the current version of the State building code explicitly requires that applications for building permits be accompanied by a site plan that "shall be drawn in accordance with an accurate boundary line survey." 780 Code Mass. Regs. § 110.10 (1998). This later version of the State building code does not, however, affect our analysis.

specific facts before us.[15] The fifth edition of the State building code, which was in effect at the time of installation, is a "build-ing law" for purposes of G. L. c. 142A, and no one disputes that here. See 780 Mass. Code Regs. §§ 625.1 et seq. (1990). The State building code, copies of which were introduced in evidence at trial, makes clear that the installation of an in-ground swimming pool on private property must comply with the setback requirements of the code itself or local zoning laws. Consequently, in the present case a violation of a setback required by Brookline's zoning by-laws would constitute a violation of the State building code and, thus, would amount to a violation of a "building law" as described in G. L. c. 142A, § 17(10).

Article 6 of the State building code addresses, among other things, the proper construction and installation of in-ground pools of the type at issue here, including two provisions concerning their proper location on private property.[16] The more significant of the two for our purposes states that "[p]rivate swimming pools shall not encroach on any front or side yard required by this code, *or the governing zoning law*, except by specific rules of the jurisdiction in which it is located. A wall of a swimming pool shall not be located less than 6 feet from any rear or side property line . . . except by specific rules of the jurisdiction in which it is located." (Emphasis added.) 780 Code Mass. Regs. § 625.4 (1990). In 1995, the "governing zoning law" in Brookline also required a setback of six feet.[17]

As the judge found, the wall of the pool, as built, encroached by 3.3 feet into the prohibited zone near the side lot line, caus-ing the concrete apron surrounding the pool to encroach on the

---

[15]We need not determine, on these facts, the extent to which other zoning laws constitute "building laws" within the meaning of G. L. c. 142A. We limit ourselves to consideration of the State building code provision that requires the setback of private swimming pools as "required by this code, or the governing zoning law." 780 Code Mass. Regs. § 625.4 (1990).

[16]Article 6 of the State building code applies to pools that meet certain minimal dimensional and area measurements, all of which were satisfied here. See 780 Code Mass. Regs. § 625.1 (1990).

[17]Additionally, nothing in the record before us indicates that any "specific rule of the jurisdiction" relieved Andrews of the duty to comply with the six-foot limitation. Andrews does not contend otherwise.

neighbors' property and the trust to suffer losses in settling the Reddishes' claim against it. Although the judge referred only to Andrews's breach of the setback requirement contained in Brookline's zoning by-laws as the basis of her G. L. c. 93A ruling, she nevertheless properly treated such conduct as a violation of a "building law" as that term is used in G. L. c. 142A, § 17(10).

In these circumstances, Andrews's improper location of the pool amounted to a violation of a "building law" within the meaning of G. L. c. 142A, § 17(10), and thus constituted an unfair or deceptive act under G. L. c. 93A by operation of § 17. Consequently, it was appropriate for the judge to grant the trust relief under G. L. c. 93A.

2. *The motion to amend complaint at trial.* "It is familiar ground that a trial judge should be generously disposed to motions to amend pleadings." *DiVenuti* v. *Reardon,* 37 Mass. App. Ct. 73, 77 (1994). Nonetheless, although leave to amend pleadings "shall be freely given," Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), the discretion to do so is not without limits. See *Castellucci* v. *United States Fidelity & Guar. Co.,* 372 Mass. 288, 290 (1977). We conclude that the trial judge did not abuse her discretion when she permitted the trust to amend its third-party complaint at trial.

The trial judge allowed amendment of the G. L. c. 93A count to add the sentence, "The failure of Andrews Gunite Company to install the pool in conformance with the Town of Brookline's zoning by-laws constitutes an unfair and deceptive practice, pursuant to" G. L. c. 142A, § 17. On appeal, Andrews asserts that the amendment, coming as it did during trial, was unduly prejudicial and amounted to "trial by ambush." Consequently, it argues, the allowance of the motion amounted to an abuse of discretion on the part of the trial judge. We disagree.

The disputed language was not different in substance from that already contained in either the G. L. c. 93A count or the body of the complaint itself. Indeed, the improper location of the swimming pool in violation of the pertinent setback requirements was

the gravamen of the trust's grievance against Andrews.[18] The amendment to the complaint did not allege any new facts, nor did it add a cause of action. It merely recited facts already well rehearsed between the parties and asserted that those facts also amounted to a violation of G. L. c. 93A by operation of G. L. c. 142A, § 17.

Nor did the reference to G. L. c. 142A, § 17, amount to an unfair surprise as to Andrews. The principal of Andrews is registered in the Commonwealth as a home improvement contractor as provided in G. L. c. 142A, § 9, and the company is bound by the provisions of that statute. Moreover, contract documents prepared by Andrews relating to the installation of the pool in the present case contained language extracted from the statute. Indeed, the trial judge noted that the amendment with respect to G. L. c. 142A could not have caused prejudice to Andrews, as it was "clear from language of its own contract documents that Andrews knew it was required to comply with the provisions of G. L. c. 142A." Finally, prior to trial, the parties litigated a motion in limine filed by the trust in which c. 142A was central to the point under consideration, i.e., whether disclaimer language drafted by Andrews had the effect of limiting its liability in any respect, including its liability under G. L. c. 93A.

The trust acted appropriately in moving to amend the G. L. c. 93A count of its complaint when it realized during the litigation of the motion in limine that Andrews was contesting the applicability of G. L. c. 142A to its actions. See *Halper* v. *Demeter*, 34 Mass. App. Ct. 299, 303 n.7 (1993). Compare *Datacomm Interface, Inc.* v. *Computerworld, Inc.*, 396 Mass. 760,

---

[18]The original complaint sought indemnification from Andrews for any damages awarded to abutters resulting from the improper location of the pool based on the failure of Andrews to obtain a proper land survey (count I); damages from Andrews for its negligence in failing to properly survey the locus in order to "install an in-ground pool in the rear of the Trust Property in accordance with state and local ordinances" (count II); and damages for a breach of contract by Andrews based on its failure to obtain a survey and its installation of the pool partially on the property of an abutter (count III). The first G. L. c. 93A amendment to the complaint sought damages against Andrews for alterations to a plan of land to conceal the improper location of the pool (count VII). Counts IV through VI pertained to another third-party defendant that is not a party to these proceedings.

763 (1986). As this issue was not joined until shortly before trial, the amendment of the complaint several days into the trial itself was not unduly tardy. Indeed, it is worthy of note that Andrews did not move to continue the ongoing jury-waived trial after the complaint was amended. See *Wolfe* v. *Ford Motor Co.*, 6 Mass. App. Ct. 346, 353-354 (1978) (no prejudice where, after the trial judge allowed a motion to amend the complaint to add a new claim, the defendant failed to move for a continuance to provide sufficient time to prepare its defense to the new claim). Moreover, the defendant had the opportunity to amend its answer, see Mass.R.Civ.P. 15(a), and tender a "damage-limiting offer of settlement." *Halper* v. *Demeter, supra.*[19]

In sum, we conclude, as did the trial judge, that on this record Andrews had sufficient notice of the applicability of G. L. c. 142A, § 17, to the underlying circumstances. Additionally, Andrews had ample notice that it was facing potential exposure under G. L. c. 93A, and the articulation of c. 142A as a further basis for the application of c. 93A to the circumstances was without prejudice to the defendant.

3. *The award of attorney's fees and costs under G. L. c. 93A.* The trial judge awarded the trust $24,973.64 in attorney's fees and costs, representing the trust's expenses related solely to the prosecution of the G. L. c. 93A claim. It is evident from the record that the judge, in exercising her discretion, took into account the trust's failure to prevail on its claims for negligence and breach of contract as well as its delay in amending the complaint. Thus, we cannot say that the award to the trust of fees and costs, representing as it did only a fraction of the total

---

[19]We are not persuaded by Andrews's assertion that the amendment at trial of the count alleging a G. L. c. 93A violation deprived it of the opportunity to frame a reasonable offer of settlement to the claim as finally worded. We note that Andrews did not make such an offer in response to the trust's original c. 93A letter dated January 10, 2000. Similarly, even once the complaint was amended to reference c. 142A, Andrews did not take advantage of the opportunity to make a "damage-limiting offer of settlement." *Halper* v. *Demeter*, 34 Mass. App. Ct. at 303 n.7. In any event, although the judge did award $31,000 in damages to the trust on count VII, she did not multiply the damages pursuant to c. 93A. Consequently, Andrews was not prejudiced by its failure to make a settlement offer as multiple damages pursuant to c. 93A were not awarded. See *Piccuirro* v. *Gaitenby*, 20 Mass. App. Ct. 286, 292 (1985) (exposure to multiple damages under c. 93A can be avoided by making a reasonable settlement offer).

amount incurred in litigating the third-party complaint, was unreasonable. See *DiMarzio* v. *American Mut. Ins. Co.*, 389 Mass. 85, 106 (1983).

*Judgment affirmed.*