Greco, P.J.
The plaintiff, Metro West Medical Associates, Inc. (“Metro West”), is appealing the award of summary judgment to Arnica Mutual Insurance Company (“Arnica”). In its complaint, filed in July of 2009, Metro West alleged that it provided medical services to Mártires Cuevos (“Cuevos”) arising out of a motor vehicle accident, that Cuevos’ automobile insurance was with Arnica, and that Arnica had failed to pay bills totaling $407.61 for services covered under the Personal Injury Protection (“PIP”) provisions in that policy. It was undisputed that Arnica submitted those bills for review to BME Gateway (“Gateway”), a company that provided medical evaluations and review of the medical services underlying submitted bills, and that as a result of that review, Arnica paid bills totaling $342.39, but determined that the remaining bills, i.e., $407.61, were not reasonable and the services not necessary. However, in September of 2009, Arnica sent a check for those remaining bills to Metro West’s attorney. A week later, the attorney returned the check and demanded payment for its costs and attorney’s fees pursuant to G.L.c. 90, §34M.
In its motion for summary judgment, Amica, citing Fascione v. CNA Ins., Cos., 435 Mass. 88 (2001), argued that its “payment in full of the outstanding medical bills satisfied!]” its obligation to pay Metro West under §34M, thereby entitling it to summary judgment. One of the affidavits submitted by Arnica in support of that motion essentially set out the chronology of Arnica’s payments and Metro West’s return of the check for the balance due. In its other supporting affidavit, a “Senior Claims Supervisor for PIP litigation” stated that the unpaid bills of $407.61 were not “reasonable and necessary,” and that payment of that amount was “made as a business decision.” A one-page attachment purporting to be a record from Gateway set out the bills submitted and the “Allowable Fees,” the difference between those amounts being $407.61. The document indicated that “[ajllowable fees are calculated according to geographical and economical zones.” In opposition to summary judgment, Metro West filed an affidavit by its attorney, which referred to attached exhibits set *137 ting out the events, one of which was a “G.L.c. 93A Demand Letter,” asserting that Arnica’s actions were “unfair, deceptive, and an act of bad faith.” That affidavit did not address whether the bills of $407.61 were reasonable and necessary.
On appeal, Metro West first argues that Arnica’s payment of the balance due did not extinguish its claim under §34M, and that it was entitled to interest and attorney’s fees on that claim. Metro West also argues that assuming it could not prevail on its claim under §34M, it was error to deny its motion to amend its complaint to add a claim under G.L.c. 93A, §11.
1. G.L.c 90, §34M claim. In arguing that its §34M claim was not extinguished by Arnica’s payment of the balance due, Metro West maintains that the Supreme Judicial Court’s holding in Fasdone was limited to situations where the insurance company inadvertently failed to make timely payment and tendered payment soon after learning of its mistake. To be sure, Fasdone factually involved an inadvertent failure to pay. However, there is absolutely no basis to conclude that the Courtis holding was premised on that fact. In its opinion, the Court posed the issue as “what, if anything, Fasdone is still entitled to recover under G.L.c. 90, §34M” in view of CNA’s payment of the balance due. Id at 91. In answering that question, the Court noted that she would be entitled to costs and attorney’s fees “only if she ‘recovers a judgment for any amount due and payable’” under §34M. Id The Court agreed with CNA that “any amount due and payable” referred “only to PIP benefits” due under the policy and disagreed with Fascione’s argument that it referred to interest on the benefits “for the length of time that payment of her benefits was overdue.” Id. That conclusion was repeated twice more in the opinion, see id at 92,93, before the Court stated that “[ajccordingly, because Fasdone did not recover a judgment for any amount due and payable (i.e., PIP benefits due and payable), she is not entitled to costs and attorney’s fees.” Id at 94. Thus, clearly the holding in the case was based on the nature of the judgment, and not on the reason why CNA failed to make a timely payment.
Metro West’s reliance on the subsequent discussion in the text of the opinion and, in particular, footnote 6 concerning the objectives of §34M is misplaced. The Supreme Judicial Court recognized that “[w]hile late payments [by PIP insurers] are not to be encouraged, it is more likely that the Legislature was concerned with insurers that dispute their obligation to pay PIP benefits and force claimants to litigate their case to judgment, rather than insurers that pay PIP benefits inadvertently after the thirty-day period.” Id. at 95. However, any notion that the Court was limiting its holding to certain types of cases was quickly dispelled in the very next paragraph where it stated that “it was unnecessary for the Legislature to provide the kind of remedies that Fascione seeks under §34M in order to punish insurers that fail to pay PIP benefits reasonably promptly in view of the availability of an action under G.L.c. 93A to recover multiple damages, costs, and attorney’s fees upon a showing of an unfair settlement practice by the insurer. Id. See G.L.c. 176D, §3(9). Metro West sought to add such a claim in its motion to amend (discussed below). Finally, Metro West’s interpretation of footnote 6 as a “strict limitation” on the holding in Fasdone is tortured at best. All the Court was saying is that a claimant is not forced to rush out and hire an attorney when prompt payment is not received. A simple telephone call may remedy the problem where the insurer has made an inadvertent mistake. “If, however, the insurer persists in its refusal to pay PIP benefits,” the insured can *138 then decide to hire counsel to bring a claim under §34M and under Chapter 93A. Id at 95 n.6. If he prevails under §34M, he recovers attorney’s fees and costs. On the other hand, if the injured party does not preval on his §34M claim, he can still proceed on his Chapter 93A claim, which, if successful, can result in multiple damages as well as attorney’s fees.
In Fascione, the Court had before it a judgment that did not include a recovery for PIP benefits “due and payable,” but did include a sum for nominal damages that the trial judge determined opened the door for the addition of costs and reasonable attorney’s fees. Id. at 90. In a footnote, the Supreme Judicial Court noted that it was expressing “no opinion” on whether the insurer “could have avoided liability under §34M by tendering payment” before its answer was due. Id at 90 n.l. See G.L.c. 232A, §1. Thus, to some extent, the holding in Fascione could be viewed as limited to its facts. That holding would not preclude a trial judge from denying a motion for summary judgment notwithstanding the late payment of balance of benefits due. Under §34M, if a PIP insurer fails to make a timely payment after it had a reasonable opportunity to investigate the claim, the injured party (or the provider standing in his or her shoes) has the ability to litigate the matter and, if successful, collect the amount due, along with costs and attorney’s fees. For example, if this case went to trial, and if the fact finder determined that Arnica did not have a valid reason to deny payment of the $407.61 balance — in other words, that Gateway review was not credited — Metro West presumably would have collected the amount due, plus costs and attorney’s fees. Nothing in Fascione dictates that a tender of the balance due under the §34M claim must necessarily stop that part of the litigation in its tracks and require a judgment of zero damages — with the result that the injured party, or the provider, must bring a whole new type of action, with different elements, and arguably a more difficult burden of proof, especially for a provider that cannot prevail by simply making out a claim under Chapter 176D, but must prove that the insurer committed an “unfair or deceptive” act under Chapter 93A[2] See Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 599 (2010). It would not be inconsistent with the holding in Fascione to require that the insurer on the §34M claim show more on summary judgment than simply that the bills have all been paid. It should also have to show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits, for example, to avoid the cost of litigation or to remove a potential liability off its books.
In any event, here Arnica did aver in its motion for summary judgment its basis for not initially paying the $407.61 balance and did not simply rely on the ultimate *139 payment. That was sufficient, albeit without a lot to spare, to shift the burden under Rule 56 of the Massachusetts Rules of Civil Procedure to Metro West to “set forth specific facts” that there would be a genuine issue at trial concerning the necessity of the services and the reasonableness of the bill. Metro West failed to do so. Accordingly, we conclude that summary judgment was properly awarded to Arnica on Metro West’s claim under §34M.
2. Motion to amend. Having not succeeded on its claim under §34M, Metro West moved to amend its complaint so as to add a claim under Chapter 93A which motion was denied.
Under Rule 15 (a) of the Massachusetts Rules of Civil Procedure, as it would apply to the stage of the proceedings when this motion to amend was brought, “a parly may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.” “Reasons that ‘might justify the denial of a motion to amend’ include ‘undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party... futility of amendment,’ as well as the imminence of trial.” Vakil v. Vakil, 450 Mass. 411, 417 (2008), quoting Foman v. Davis, 371 U.S. 178, 182 (1962). Here, the trial judge was justified in noting that Metro West should have anticipated the need for a separate claim under Chapter 93A This action was brought eight years after the Fascione decision. In the intervening years, there were numerous reported cases where the insurer made full payment allegedly as a business decision to avoid the cost of litigation and not on the merits of the claim. See, for example, Essex Chiropractic Office, LLC v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 269; Provenzano v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 68. An inference might be drawn here that by delaying the bringing of a Chapter 93A claim, Metro West was being “dilatory” in an effort to prolong this matter as long as possible so as to motivate Arnica to settle. It should also be noted that Metro West is not barred by the applicable statute of limitations from now bringing an action under Chapter 93A In these circumstances, we conclude that the trial judge did not abuse his discretion in denying the motion to amend.
We do feel compelled, however, to add a cautionary note. In Hamed v. Fadili, 408 Mass. 100 (1990), the Supreme Judicial Court stated that Rule 15 “‘eliminated the once broad discretionary authority of a judge to deny a motion to amend a pleading,’ Castelucci v. United States Fidelity & Guar. Co., 372 Mass. 288, 289 (1977), and that ‘a motion to amend should be allowed unless some good reason appears for denying it.’ Id.” Hamed, supra at 105. “It is well-settled that prejudice to the non-moving party is the touchstone for denial of an amendment.” Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 550 n.3 (1987), quoting Cornell & Co. v. Occupational Safety & Health Review Comm‘n, 573 F.2d 820, 823 (3d Cir. 1978). See also Reddish v. Bowen, 66 Mass. App. Ct. 621 (2006), where the Court found no prejudice by an amendment that “merely recited facts well rehearsed between the parties and asserted that those facts also amounted to a violation of G.L.c. 93A” Id. at 630.
Accordingly, the order of summary judgment in favor of Arnica and the order denying the motion by Metro West to amend its complaint are affirmed.
So ordered.

 This issue of whether an injured party or provider could simply reject a late tender of payment has only been tangentially raised in this case without full argument. Such an argument might be premised on the notion that §34M has been violated once the insurer failed to make a timely payment, which then triggered a claim for costs and attorney’s fees. In this light, a check for the balance of bills could be viewed as an offer of settlement, which could be rejected, and not a tender of full payment. But see Essex Chiropractic Office, LLC v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 269, 270; Kratzer v. Liberty Mut. Ins. Co., 2003 Mass. App. Div. 87, 89.