Greco, P.J.
This is yet another in a flurry of cases before this Division involving the payment to a medical provider of Personal Injury Protection (“PIP”) benefits pursuant to G.L.c. 90, §34M. The insured party, Nivedhy A. Ramaswamy (“Ramaswamy”), was involved in an accident on August 6, 2007 while operating a motor vehicle owned by Enterprise Rent-A-Car (“Enterprise”). Enterprise is a self- *172 insurer, and the named defendant, ELCO Administrative Services (“ELCO”), administers claims on behalf of Enterprise arising out of accidents involving its vehicles. Following the accident, Ramaswamy was treated by Olympic Physical Therapy (“Olympic”) from September 24,2007 to November 29,2007. Olympic submitted bills to ELCO in the amount of $5,625.00 for those services. As part of its investigation of those bills, ELCO, pursuant to §34M, requested that Ramaswamy submit to an independent medical examination (“IME”) by Michel Velsmid (“Velsmid”), a physical therapist. That examination took place on November 30, 2007. Two months later, Velsmid also conducted a review of the bills submitted by Olympic. After ELCO denied payment on the basis of Velsmid’s reports, Olympic filed this action.
Soon after suit had been filed, Olympic offered to settle the matter for $7,200.00, an amount that included payment of the bills sought, along with some attorney’s fees. ELCO rejected the offer. In January, 2009, however, ELCO sent Olympic a check for $5,625.00, which Olympic sent back. In June, 2009, ELCO filed a motion for summary judgment, supported by the affidavit of its “Liability Claims Administrator,” which set out the facts outlined above. The main thrust of ELCO’s argument in its memorandum in support of summary judgment was that pursuant to Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), Olympic’s claim under §34M was extinguished as a matter of law when it sent the check for the balance due. However, also appended to the affidavit of ELCO’s administrator were Velsmid’s two reports, which purported to justify on other grounds the earlier denial of payment. Velsmid found that Ramaswamy had been treated solely by Kenneth Johnson (“Johnson”), who was a licensed “physical therapy assistant.” Among Velsmid’s conclusions in his IME report were the following:
There is cause to suspect that Mrs. Ramaswamy received physical therapy services in an unlicensed physical therapy facility by a practitioner representing himself as a physical therapist, when, in fact, he was not. ... Based on the information provided by the claimant, the physical therapy treatment she received was not appropriate. Her treatment did not meet the standards for operating a licensed Physical Therapy Facility and providing physical therapy services under 259 CMR 5.00-6.00. These standards have been created to prevent insurance fraud and protect the health, safety, and welfare of the public.
In her rulings on ELCO’s motion for summary judgment, the judge noted that among ELCO’s assertions in support of its motion was “that no judgment may enter under ... [§]34M if the insurer pays the full amount of the outstanding PIP balance at any time before judgment.” She also stated that Olympic had “presented no affidavit or other evidence in support of [its] allegations” that ELCO was not justified in denying payment on the basis of Velsmid’s reports, noting that Olympic had stated in its memorandum that the facts were not in dispute “for the purposes of this motion.”
Pursuant to Mass. R. Civ. P., Rule 56(c), summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and responses to requests for admissions ..., together with the affidavits, if any, show that there is no *173 genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” If such a showing is made, “an adverse parly may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” Rule 56(e).
With respect to any reliance by the trial judge on Fasdone in allowing ELCO’s motion, this Division has recently taken the position that “[n]othing in Fasaonedic-tates that a tender of the balance due under [a] §34M claim must necessarily stop that part of the litigation in its tracks....” Metro West Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. 137, 139. We stated further that “[i]t would not be inconsistent with the holding in Fasdone to require that the insurer on the §34M claim show more on summary judgment than simply that the bills have all been paid. It should also have to show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits.” Id.[1] Accordingly, consistent with our ruling in Metro West Med. Assocs. Inc., which was decided after the trial court’s ruling in this case, summary judgment cannot be sustained on the ground that payment of the bills submitted was eventually made. However, on this review, we can consider “any ground supporting the trial judge’s ruling.” Foster v. Group Health Inc., 444 Mass. 668, 672 (2005).
The summary judgment materials submitted by ELCO were sufficient to establish a justification for its denial of payment of Olympic’s bills and, thus, to shift the Rule 56 burden to Olympic to respond. However, Olympic filed only a memorandum in opposition without any supporting affidavits. Nor did it seek time to do so. “The *174 complaint itself was not verified and was not, therefore, the functional equivalent of an affidavit.” Santana v. Brigham & Women’s Hosp., 2003 Mass. App. Div. 79, 81. See also Godbout v. Cousens, 396 Mass. 254, 262-263 (1985). Thus, Olympic did not satisfy its burden to “set forth facts” showing that there would be a genuine issue at trial concerning the necessity of the services and the reasonableness of the bills. Accordingly, summary judgment was properly awarded on the §34M claim. As to its count under G.L.c. 93A, Olympic simply incorporated the allegations made in its §34M count, adding only the allegation that it sent ELCO a “demand for settlement in the amount of $7400,” and that ELCO had committed “willful, knowing and bad faith violations” of the consumer protection statute. However, Olympic has suggested nothing factually from which it could even be inferred that there was such a violation. Since its G.L.c. 93A claim so intricately relies on the same factual allegations as its §34M claim, and absent a proper response to ELCO’s motion, summary judgment was properly awarded to ELCO on the G.L.c. 93A count as well.
Judgment affirmed.
So ordered.

 Metro West Med Assocs., Inc. set out a new approach to PIP cases where the insurer decides to pay any unpaid bills well after litigation has begun. We recognize that the Supreme Judicial Court stated in Fasdone that the insurer is not liable if it pays the PIP benefits “in full, but does so after the thirty-day deadline and after the insured files a complaint to recover such benefits.” Id at 88. Later in the opinion, however, the Court stated that §34M “expresses the Legislature’s concern that insurers pay unpaid parties their PIP benefits without delay; if such parties are forced to pursue their claim for benefits to judgment, the Legislature provided that they are entitled to a ‘speedy trial’ and are to be compensated for their litigation expenses.” Id. at 92. In Fascione, the benefits were paid and apparently accepted. Thus, there was no judgment in the trial court for any amount due, and thus there could be no costs or attorney’s fees assessed. In the approach outlined in Metro West Med Assocs, Inc, if the insurer’s motion for summary judgment is allowed, there will be no money due; if it is denied, the matter will proceed to trial. Thus, implicit in Metro West Med Assocs, Inc is this Division’s rejection of the position taken in earlier cases, e.g., Essex Chiropractic Office, LLC v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 269, 270, that a tender of the amount due must be accepted even if the insurer presented no justification for the delay in payment. (In Fasdone, there was such a justification; the delay was brief and inadvertent and payment was made soon after the mistake had been discovered.)