NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1062                                        Appeals Court


 CHRISTOPHER DOWNEY & another[1] vs.  CHUTEHALL CONSTRUCTION CO.,
                              LTD.


                        No. 14-P-1062.

      Suffolk.     September 14, 2015. - January 6, 2016.

          Present:  Cypher, Green, & Hanlon, JJ.


Consumer Protection Act, Unfair or deceptive act, Waiver.  State
     Building Code.  Waiver.  Practice, Civil, Consumer
     protection case, Summary judgment, Instructions to jury,
     Waiver.



     Civil action commenced in the Superior Court Department on
July 2, 2010.

     Motions for summary judgment were heard by Judith
Fabricant, J., and the case was tried before Thomas A. Connors,
J.


     Alicia L. Downey for the plaintiffs.
     John D. Fitzpatrick for the defendant.


     HANLON, J.  After a trial, the jury returned a verdict for

the defendant, Chutehall Construction Co., Ltd. (Chutehall).

_____

     [1] Mairead Downey.

The plaintiffs, Christopher and Mairead Downey, appeal from the resulting judgment. Their appeal presents a narrow issue -- whether a contractor's potential liability for a violation of the relevant building code, which, pursuant to G. L. c. 142A, § 17(10), constitutes a per se G. L. c. 93A violation, is waived when a homeowner requests that the work be done in a manner that results in the code violation.[2] We agree with the Downeys that, at least in the circumstances of this case, an oral waiver of building code requirements by the homeowner does not preclude the contractor's liability for a building code violation -- and the resultant c. 93A violation -- particularly where a violation carries potential public safety consequences.

Background. The jury could have found the following facts. The Downeys hired Chutehall in 2005 to replace the roof and a roof deck on their townhouse in the Beacon Hill section of Boston. It is undisputed that the building code permits no more than two layers of roofing on the building. See 780 Code Mass.

---

[2] General Laws c. 142A, § 17, inserted by St. 1991, c. 453, provides, in relevant part:

> "The following acts are prohibited by contractors or subcontractors:  . . .

> "(10) violation of the building laws of the commonwealth or of any political subdivision thereof; . . .

> "Violations of any of the provisions of this chapter shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A."

Regs. § 1512.3 (1997). The original proposal that Chutehall submitted to the Downeys, as well as the final bill, included a line item for stripping off the existing roof system. In fact, however, Chutehall did not strip the roof, but instead installed a new rubber membrane over the existing roof. Sharply disputed at trial was whether Christopher Downey represented to Chutehall that there was only one layer of roofing at the time of the work; refused to permit Chutehall to strip the existing layers from the roof; refused to permit Chutehall to do test cuts in the roof to determine the number of existing layers; and specifically instructed Chutehall to install a new rubber membrane over the existing roof.[3]

A few years after Chutehall put on the roof, the Downeys sought to install heating, ventilation, and air conditioning (HVAC) equipment. The HVAC contractor cut a hole through the roof and discovered four layers of roofing materials and evidence of leaking (that is, wet insulation). The Downeys then hired a new roofing contractor to strip the roofing materials, put on a new roof, and reinstall the deck.

---

[3] Given the verdict and the jury's answers to special questions, it is likely that the jury accepted Chutehall's version of the facts.

Thereafter, the Downeys filed this action against Chutehall seeking to recover the costs of replacing the roof and the deck.[4] The only claim at issue is the G. L. c. 93A claim, premised on Chutehall's violation of the provision of the building code prohibiting the installation of a new roof over two or more layers of roofing, which, as noted earlier, in turn constitutes a violation of G. L. c. 142A, § 17(10). In a decision denying the parties' cross motions for summary judgment, the motion judge, relying on comments made in Reddish v. Bowen, 66 Mass. App. Ct. 621, 625 n.10 (2006), ruled that a jury could conclude that Chutehall's violation of the code was not knowing or intentional if they found that Chutehall had relied on statements from Christopher Downey that there was only one layer of roofing on the roof.[5]

---

[4] After the Downeys filed suit against Chutehall, Chutehall brought third-party claims against The Follett Company, Inc. (Follett), which had been engaged by the Downeys to inspect the leaking roof. Follett also put on the new roof and reinstalled the deck. Separate and final judgment entered in favor of Follett, and the judgment was affirmed on appeal. 86 Mass. App. Ct. 660 (2014).

[5] Chutehall, citing Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 126 (1986) (Deerskin), argues that the Downeys waived review of this issue because they failed to take an interlocutory appeal from the order denying their motion for summary judgment. While Deerskin stands for the proposition that the denial of a motion for summary judgment cannot be reviewed after a case has gone to trial, it does not follow that the issue raised in the motion is waived. Rather, the issue, if it is sufficiently preserved at trial, is more appropriately reviewed "on the record as it exists after an evidentiary trial

At trial, the Downeys filed a motion in limine, seeking to exclude evidence of Christopher Downey's alleged representations concerning the roof as well as his instructions to Chutehall not to strip the roof, on the ground that a consumer's oral waiver of building code requirements cannot be a defense to liability. The trial judge denied the motion, referring to the earlier ruling on summary judgment as the law of the case.[6] In addition, over the Downeys' objections, the judge instructed the jurors that they could proceed to determine damages only if they found that the building code was violated and that the violation was not done at the insistence of the Downeys.[7] That question also was included on the verdict slip.[8,9]

---

than on the record in existence at the time the motion for summary judgment was denied." Ibid. Indeed, any attempt by the Downeys to appeal from the order denying their motion for summary judgment would have been dismissed as interlocutory. See, e.g., Rollins Envtl. Servs., Inc. v. Superior Ct., 368 Mass. 174, 178-180 (1975).

[6] The trial judge did not rule on the summary judgment motions.

[7] "Now, jurors, I want to tell you the following. In this case, Chutehall is contending that, whether or not there was a violation of the Building Code, it took the action it took under the contract in specific reliance on something it was told by the Downeys. The Downeys dispute that fact. This is part of the fact finding of what you have to do in this case. So you're going to have to make a determination whether or not there was a violation of the Building Code . . . . You're then going to be given a separate question about whether or not that conduct came in response and a reliance on something they were asked to do, specifically, by the Downeys and you're going to be asked whether or not -- to

In response to special questions, the jury found that installation of a new roof over three preexisting layers violated the building code, but that the violation was the result of directions given by the Downeys. Accordingly, they did not assess damages. The Downeys' complaint was dismissed (as was Chutehall's counterclaim).

Discussion. The Downeys argue that the trial judge, misinterpreting this court's comments in Reddish, erred when he instructed the jury that a contractor may assert as a defense to G. L. c. 93A liability under G. L. c. 142A, § 17, a consumer's waiver of "safety-related provisions of the building code." In Reddish, a contractor "disregard[ed] . . . a six-foot side lot setback requirement contained in a local zoning by-law" by installing an in-ground swimming pool, not only in violation of the setback requirement, but, also, with "a portion of the

---

determine, whether by preponderance of the evidence, you determine that that factually did occur. It's a matter in dispute in this case."

[8] "If you determine there was a violation of the Building Code but that it only happened because the Downeys expressly told Chutehall to do the job in that particular way, if 10 of your number agree that that's the way that it occurred, then you would check 'Yes.' If 10 of your number agree that that's not been proven, then you would check 'No.'"

[9] Despite Chutehall's assertion that "it is unclear from the record presented whether or if an objection to the challenged instruction was preserved after the [jurors were] charged," from the limited record before us, it appears that the issue was sufficiently preserved.

concrete apron encompassing the . . . pool imping[ing] upon the Reddish [next door neighbor's] property." 66 Mass. App. Ct. at 622. The violation of the setback requirement was the result of misinformation provided to the contractor by the homeowner as to the location of the property line and instructions by the homeowner to place the pool at that location. Id. at 623-624. Also in Reddish, there was a written agreement between the homeowner and the contractor that "contained a disclaimer requiring [the homeowner] to verify the siting of the pool and relieving [the contractor] from liability with respect to the pool's location, whether on the [homeowner's] property or that of a third party." Id. at 623. The trial judge concluded that the express disclaimers, signed by the homeowner, "barred recovery . . . on all but the G. L. c. 93A claim." Id. at 625. As to that claim, the judge concluded, and we agreed, that the "improper location of the pool amounted to a violation of a 'building law' within the meaning of G. L. c. 142A, § 17(10), and thus constituted an unfair or deceptive act under G. L. c. 93A by operation of § 17." Id. at 629.

However, because the parties in Reddish failed to raise the issue, we declined to consider whether the contractual provisions and waivers of liability could operate as a defense to the homeowner's c. 93A claim against the contractor and "whether, even in a consumer context, there may be instances

where an informed, consensual, and clear allocation of risk and responsibility could preclude recovery by the consumer under c. 93A for an unintentional statutory violation by a contractor, incurred at the consumer's request and in reliance upon the consumer's representations." Id. at 626 n.10.

This case presents that issue, that is, whether the jurors properly were instructed that, if Chutehall violated the building code "only . . . because the Downeys expressly told Chutehall to do the job in that particular way," then the Downeys' waiver is a complete defense to liability under c. 93A. As we said in Reddish, supra at 626-627, "[o]f primary concern here is the scope of G. L. c. 142A, § 17(10), which prohibits a home improvement contractor from 'violat[ing] the building laws of the commonwealth or of any political subdivision thereof,' conduct that also 'shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A.' G. L. c. 142A, § 17. Generally speaking, by explicitly delineating certain conduct on the part of contractors that shall also amount to a consumer protection violation, G. L. c. 142A, § 17, reflects an intent by the Legislature 'to facilitate a homeowner's c. 93A remedies.' Simas v. House of Cabinets, Inc., 53 Mass. App. Ct. 131, 137 (2001)." General Laws c. 142A, § 17(10), inserted by St. 1991, c. 453, explicitly "prohibit[s]" a contractor from violating "the building laws of the commonwealth or of any

political subdivision thereof," and as noted, it is undisputed that installing a fourth layer of roofing, as Chutehall did, was a violation of the relevant building code.

However, "[a] statutory right or remedy may be waived when the waiver would not frustrate the public policies of the statute. . . . A statutory right may not be disclaimed if the waiver could 'do violence to the public policy underlying the legislative enactment.'" Canal Elec. Co. v. Westinghouse Elec. Corp., 406 Mass. 369, 377-378 (1990), quoting from Spence v. Reeder, 382 Mass. 398, 413 (1981). See Garrity v. Conservation Commn. of Hingham, 462 Mass. 779, 785-786 (2012) (permitting waiver of conservation commission deadline does not interfere with purposes of Wetlands Protection Act). Accordingly, we must determine whether, in these circumstances, a waiver of a consumer's rights under c. 142A, § 17(10), specifically the right to seek relief pursuant to c. 93A, would undermine the public policy underlying c. 142A, § 17.

We note first that "ordinarily [we] would not effectuate a consumer's waiver of rights under c. 93A." Canal Elec. Co., 406 Mass. at 378. In fact, "[t]here is no language in G. L. c. 142A that restricts . . . [a] homeowner's rights under G. L. c. 93A. If anything, the statute reflects an intention to facilitate a homeowner's c. 93A remedies." Simas, 53 Mass. App. Ct. at 137. Also, § 2 of G. L. c. 142A, inserted by St. 1991, c. 453, which

stipulates the required contents of an "agreement to perform residential contracting services in excess of one thousand dollars," includes a command that such an agreement be in writing and contain certain provisions, including the start and finish dates of the work to be done; "a detailed description of the work to be done and the materials to be used"; and "an enumeration of such other matters upon which the owner and the contractor may lawfully agree." Furthermore, § 2(9) of G. L. c. 142A specifically provides that "no such agreement may waive any rights conveyed to the owner under the provisions of this chapter" (emphasis supplied).

Finally, the purpose of the building code as in effect during the relevant time period, with which all contractors must comply pursuant to c. 142A, § 17(10), "is to insure public safety, health and welfare insofar as they are affected by building construction, through structural strength, . . . and, in general, to secure safety to life and property from all hazards incident to the design, construction, reconstruction, alteration, repair, demolition, removal, use or occupancy of buildings, structures or premises." 780 Code Mass. Regs. § 101.4 (1997). To permit a waiver by a homeowner of his or her right to compel a contractor to comply with the contractor's obligations under the building code would permit, even encourage, contractors, and perhaps consumers, to waive

provisions of the building code on an ad hoc basis, in the hope of saving money in the short-run, but endangering future homeowners, first responders, and the public in general.

On balance, we are persuaded that, at least on the facts of this case, where Chutehall's violation of the building code is clear, where the written agreements specify that the "existing roof system" would be "strip[ped] off and dispose[d] of," and where there are possible consequences for the safety of the homeowner and others, a consumer's oral waiver of a building code requirement cannot defeat the contractor's liability for the violation under G. L. c. 142A, § 17(10), and G. L. c. 93A.

Here, the trial judge instructed the jurors that, in addition to determining whether there was a violation under the specified subsections of the building code, they must also find whether that violation "came in response and a reliance on something [Chutehall was] asked to do, specifically, by the Downeys." Later, in response to a question by the deliberating jury, the judge instructed that the jurors must answer "an additional question, . . . 'Was the conduct which violated the Code the result of directions of the [Downeys] for [Chutehall]?'" In the circumstances of this case, the instructions and special question submitted to the jury were erroneous concerning the defense to liability.

"Having determined error, the next step in our analysis is to determine whether the [Downeys have] made a plausible showing that the trier of fact might have reached a different result." Campbell v. Cape & Islands Healthcare Servs., Inc., 81 Mass. App. Ct. 252, 258-259 (2012) (quotation marks and citation omitted).  The jury found, by special verdict, that Chutehall's violation of the building code was "the result of directions of the [Downeys]."  In response to a question from the jury, they were further instructed that, if they found that the violation was the result of Downeys' directions, they need not proceed further and need not assess damages.  Given the error in the instruction and special verdict question, there is no doubt that the jury would have reached a different result -- indeed, they would have been compelled to do so upon their finding of the building code violation.  As a result, reversal is required.[10] In addition, because the jury found that Chutehall violated the building code and we have concluded that Chutehall was not entitled to a waiver defense in the circumstances of this case, judgment on the c. 93A count premised on the c. 142A, § 17(10), violation must enter for the Downeys.

Accordingly, the judgment for Chutehall on the Downeys' c. 93A count is reversed, and judgment shall enter for the

---

[10] Given our view on the impropriety of the jury instructions, we do not address any other arguments raised.

Downeys on that count.  The matter is remanded for further proceedings concerning damages on that count.[11,12]

<u>So ordered</u>.

---

[11] On remand, the judge properly may consider the jury's findings when considering damages.

[12] Having determined that the Downeys were entitled to relief pursuant to G. L. c. 93A, they are entitled to appellate attorney's fees, which they have requested in their brief. Accordingly, within ten days of the rescript the Downeys shall submit their request for appellate fees; Chutehall shall have ten days thereafter to respond.